Judge Tucker.
The grounds on which the evidence of the witness is impugned, are twofold. First. That he is interested in setting aside the codicil, inasmuch as he would then be entitled as a distributee : and, Secondly. That he is a party in the appeal, and liable for costs. If there were no other objection than'the first, I should be of opinion that by releasing all his interest, he might be a competent witness. With respect to the second ground, there is more difficulty. That Hill Cogbill was originally a party, is not controverted; that he now appears as a party . cannot be denied. But is there no mode by which he may become disinterested as to the costs, and be restored to his competency? I mentioned yesterday, that by depositing a sufficient sum of money to cover the costs, I thought every objection to the admissibility of the witness might be removed. Of the correctness of this opinion, however, I am not certain. But what if the other appellees were to come jn and offer security for costs, and, in consideration of Hill CogbilPs releasing all his interest as distributee, in the event of the codicil’s being rejected by this Court, they release him from the payment of-all the costs? Would not this make him a disinterested witness ? He was of opinion that Hill Cogbill might be admitted as a witness, if he should release all his interest in the residuum of John Oogbilps estate, in the event that the codicil should be rejected bv this Court; and if the other appellees should, on their parts, give security for all costs, in Court, for which they may be liable, and also release Hill Cogbill from all demands for contribution in this case.
*483 Judge Roane.
I do consider this case as depending before an Appellate Court; and not as an original cause. The only difference between this, and'other appeals is, that, in this case, we hear viva voce testimony; in others, all the evidence is in writing.
There can be no doubt but the witness may release , his interest as to the subject in controversy; but the only difficulty with me, is, whether his liability to pay costs does not disqualify him. If he can be introduced he must get rid of the objection in one of three ways : First. He must himself pay down a sum of money, fully equal to the costs: er, Secondly. His co-appellees must release him from the payment of costs, and give other security for that purpose; or, Thirdly. The costs must be paid down by the other appellees.
It will not be contended that the witness himself should pay down the costs. That course would be liable to this objection; that it would not only discover too much forwardness on his part, and too warm an interest in the subject, hut still he would not be disinterested; for, in that event, the money would come back to him, if his co-appellees should succeed in the cause.
The next question is, whether his co-appellees, by releasing him from the payment of costs, and by giving other security, can introduce him as a competent witness. If any case precisely similar had occurred, I presume it would have been cited: none such has been adduced. But there is an authority which seems to negative the position that a party can be restored to his competency by a release from the costs. The case of The King v. The Governors, &c. of St. Mary Magdalen Bermondsey, &c.(a) seems to establish the position, that, if a person be liable for costs in the first instance as a party, (even though he be only a trustee, and is to be reimbursed such costs out of a particular fund,) he is rendered incompetent, and can, by no act, be qualified as a witness.
In the third view of the case, it has been said, that if thetaoney he actually paid down by the other appellees who *484 wish to make use of the testimony of Hill Cogbill., he would thereby be restored to his competency. I' find it laid down generally that a party in a cause cannot be a witness.(a) I have not been able to find any instance in which a man who stood as plaintiff in his own right, was admitted to give evidence in the cause, orto produce the substitution asked for in the present case.
Cáll., for the appellant.
In the argument of this case, I shall contend, that the memorandum is, in itself, a good will.. If, however, the Court shall differ with me on that *485 point, I shall next contend that the new will written by Ferguson, was a good will j and being lost, the memorandum is to be received as a substitute.
*484 With respect to paying down the money, by the other . appellees; has such a thing ever been done ? does that get rid of the objection that he is still a party upon record ? and wherein does it differ from the Bermondsey case, but that the fund is perhaps safer ? If such a practice ever had occurred, the presumption is, that adjudged cases might have been adduced; but none are cited. Shall the Court arrest the progress of the business, and request the clerk to make out a statement of the sum supposed to be necessary to secure the payment of the costs ? The delay and inconvenience attendant on this mode of proceeding, would, of itself, be a strong objection to it. Unless, then, we lose sight of those land-marks which have hitherto guided us ; unless we assist the parties to obviate the objection, by passing an opinion as to the sum adequate to cover the costs; unless we do what was never done before, theobjection on this score remains in force. On these several grounds, I am of opinion, that Hill Cogbill cannot be introduced as a witness.
judge Fleming.
From the reasons which have been so fully stated by the Judge who has preceded me, it appears that Hill Cogbill is an incompetent witness); and the opinion of a majority of the Court is that he cannot be admitted.

 3 East, 7.

 2 Bac. Abr. Gwil. ed. 581. tit. “Evidence,” let.(A.) div. 4. 1 Vern. 230. in the case of Phillips v. The Duke of Bucks. Peake’s Law of Ev. 142. 2d edit.

) Swinb. 51, 52. and the other authorities before cited-